UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARL LUTHER GAREL,

      Petitioner,

v.                                                        Case No. 1:11-CV-197

JOHN PRELESNIK,                       HON. GORDON J. QUIST

      Respondent.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

      Petitioner, Carl Luther Garel, has filed an Objection to the Report and Recommendation dated April 11, 2011, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also concluded that Petitioner is not entitled to equitable tolling. After conducting a *de novo* review of the Report and Recommendation, the Court concludes that it should be adopted by the Court.

      Initially, the Court notes that Petitioner's Objection is incorrectly captioned "Petitioner's Response To Respondent's Motion To Dismiss Petitioner's Writ Of Habeas Corpus." The April 11, 2011, Report and Recommendation does not address a motion filed by Respondent, but instead was issued in connection with the magistrate judge's initial review of the habeas petition pursuant to Rule 4. In fact, Respondent has not even been served with the petition.

      In concluding that Petitioner is not entitled to equitable tolling, the magistrate judge stated that a petitioner has the burden of demonstrating two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" (Report and

Recommendation at 5 (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)). The magistrate judge concluded that, in light of these requirements, Petitioner is not entitled to equitable tolling.

In his Objection, Petitioner states that in calculating the one-year period of limitations, a federal court must toll the limitations period during any period that a properly filed application for State post-conviction or other collateral relief is pending in state court. While this rule is correct, it does not help Petitioner because in calculating the date on which the one-year period commenced, the magistrate judge excluded the period during which Petitioner's motion for relief from judgment was pending in the Michigan courts.

Petitioner also asserts that he is entitled to equitable tolling, citing the Sixth Circuit's five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998). However, the magistrate judge properly concluded that Petitioner must satisfy the two-part test set forth by the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807 (2005). Petitioner offers no specific reason for applying equitable tolling in this case. In fact, he fails to even argue that he has been pursuing his rights diligently or that some extraordinary circumstance precluded him from filing his petition within the one-year period. Petitioner apparently had ample time and opportunity to file a timely petition, but he failed to take advantage of that opportunity.

Accordingly, Petitioner's petition is barred by the one-year limitations period.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 11, 2011 (docket no. 9) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated: May 11, 2011                    /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE